Mr. Justice Wylie
delivered the following dissenting opinion:
On the 15th of July, 1873, the complainant bought from the defendant a lot of ground, for which he agreed to pay $10,000; $8,000 in cash, down, $1,000 on the 1st of January, 1874, and assume the payment of a mortgage-lien on the property, the principal of which was $8,000.
*11 I think there can be no doubt that these were the terms agreed upon between the parties, previous to the execution of the deed,
A deed of trust was given by the purchaser to secure the deferred payments, and the mortgage-debt subject to which the property was sold.
At the time of the transaction there were arrears of overdue interest upon the incumbrance amounting to the sum of $1,300, not known to the purchaser, and this is the subject of the present controversy.
The deed of trust contains the following recital, declaring the intention and object of the parties, and.which the defendant insists obliges the complainant not only to pay the principal of the incumbrance with interest from the date of the sale, but also all the previously-accumulated and overdue interest:
“And whereas there is now an indebtedness on said property of eight promissory notes of S. D. Oastleman and said Weaver, each for $1,000, with interest, as will appear by deed recorded in liber No. 604, folio 474 5 and part of the consideration of this sale is that the said Sawyer should assume said indebtedness, and pay the same, and hold the said Weaver harmless therefrom ; and whereas the said parties of the first part are desirous to secure the full and punctual l>ayment of said notes, and all interest, costs, and expenses that may accrue thereon, according to the true intent and meaning of the same.”
It appears to me that this recital, fairly construed, shows that no interest upon the ineumbrauce in question was to be assumed by the purchaser, except such as should afterward accumulate; for it declares the object to be “the full and punctual payment of said notes, and all interest, costs, and expenses that may accrue ” (not that have accrued) “ thereon, according to the true intent. and meaning of the same.”.
The recital also declares:
“And whereas there is now an indebtedness on said property of eight promissory notes of S. D. Oastleman, each for $1,060, with interest.”
The indebtedness here mentioned, it seems to me, is to be understood as meaning a debt of $8,000, bearing interest, and *12 the interest to be assumed by the purchaser, as afterward more clearly defined in the same sentence, was the interest which “may accrue,” and therefore only future interest.
I submit that this interpretation is not overstrained, but is that which is most equitable, and certainly most consistent with all the evidence we have as to the intention of the parties.
I think, also, that the question has been, in principle, determined this way by the decision made by Lord Hardwicke, in Roberts vs. Kuffin, 2 Atk., 112, cited with approbation in Roper on Leg., 288. Owen Roberts made his will to the following effect: I give to my son, Thomas Roberts, £200, secured by a mortgage on the estate of Mr. Marriot, and all the messuages, lands, and tenements, for securing the same.
The question in the case was whether the legatee took merely the £200, or that sum with interest. The Lord Chancellor said:
“This entitles the devisee to the principal only of the mortgage, and not to the interest from the time of the execution ef the will, nor from the death of the testator, or any other time whatever. If a man gives £200, due upon a bond by his will, this does not carry interest incurred in the life-time of the testator.”
In the present instance, the deed of trust was given to secure an “indebtedness” of “eight promissory notes of $1,000 each,” “with interest;” in other words, a debt of $8,000 with interest, and that interest such only as “ may accrue.” I cannot see how such language can be made to cover arrears of interest as to which the purchaser was undoubtedly ignorant at the time of executing the deed of trust.
But the counsel of defendant also argued, in support of his position, from the following other terms of the deed of trust: “In case of default or failure in payment of said debts due as aforesaid to the said Weaver or the said Harvey North, or any part thereof, or of any proper costs or charges thereon, or which may accrue thereon, the trustee should make sale of the property on the terras prescribed by the deed; and,' after paying the expenses of the sale and trust, shall pay, in the first place, whatever of said debts, interest, costs, and expenses may be due and unpaid at the time of such sale; secondly, to pay whatever of said debts, interest, costs, and *13 expenses may then remain unpaid, although the same may not then have become due and payable.”
Undoubtedly, all the unpaid interest upon the debt was to be paid from the proceeds of the sale; but these provisions of the deed shed no light whatever upon the question under consideration.
If it be settled that the object of this deed of trust was not such as to secure the payment of the overdue and unpaid interest in question, then in case of a sale, under its provisions, it must be conceded that no part of the proceeds could be properly so applied. For, as was said by Lord Hardwicke in the case already referred to, u when there is a devise, in express words, the construction in this court is, that subsequent general words shall not extend it further than the natural meaning of the preceding ones will do.”
It seems to me, therefore, that on the very face of this deed the claimant is entitled to the relief he asks. Dehors the deed, I think the evidence in the cause is still more convincing, but I do not care, in a dissenting opinion such as this, to go over that ground, as the opinion of the court determines that the parties are bound in this case by their solemn deed, and I am willing to take position upon the ground it has selected.
It is to be borne in mind, however, that the present issue is between Sawyer and Weaver only as to the construction of their contract as between themselves.
The question would be widely different, as between Sawyer and the party entitled to the first incumbrance, if a sale were to be made under it. No contract entered into between Sawyer and Weaver could impair that security to the full extent of all the debt and interest from the beginning.